**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 21-30160 |
| Plaintiff-Appellee, | 21-30161 |
| v. | D.C. Nos. 4:20-cr-06021-SAB-1 |
| | 4:20-cr-06029-SAB-4 |
| ALEJANDRO LEON, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, District Judge, Presiding

Submitted February 15, 2022**

Before: FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

In these consolidated appeals, Alejandro Leon appeals from the district

court's judgments and challenges his guilty-plea convictions and aggregate 160-

month sentence for being a felon in possession of a firearm and ammunition, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and conspiracy to provide

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

prohibited objects to an inmate and being an inmate in possession of a prohibited object, in violation of 18 U.S.C. §§ 371, 1791. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Leon's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record in these consolidated appeals. We have provided Leon the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Leon waived his right to appeal his convictions and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver with respect to Appeal No. 21-30161. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). We accordingly dismiss this appeal. *See id.* at 988. However, we remand Appeal No. 21-30160 for the district court to reduce to the statutory maximum of three years the supervised release term imposed for the felon-in-possession conviction. *See* 18 U.S.C. § 3583(b)(2); *see also Watson*, 582 F.3d at 977 (appeal waiver does not bar challenge to an illegal sentence).

Counsel's motion to withdraw is **GRANTED.**

**Appeal No. 21-30161 DISMISSED; Appeal No. 21-30160 REMANDED with instructions.**